Date signed June 28, 2012



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| GAYLE PROPERTY VENTURES, LLC | : | Case No. 12-19213PM |
| | : | Chapter 11 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| GAYLE PROPERTY VENTURES, LLC | : | |
|       Movant | : | |
|   vs. | : | |
| | : | |
| EASTERN SAVINGS BANK, FSB | : | |
|       Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This case is before the court on a pleading titled "Motion for Leave to Appeal." What the former Debtor seeks is revision of this court's Order Granting Motion to Revise Order Dismissing Bankruptcy entered May 24, 2012, whereby the court revised the Order dismissing the bankruptcy case entered May 17, 2012, because the Debtor was not an individual and was not been represented by an attorney admitted to the United States District Court for the District of Maryland in filing the case. The filing was a nullity as corporations and non-individual entities may only appear in federal court through a licensed attorney. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 501 U.S. 194, 201-202 (1993). Local Bankruptcy Rule 1002-1(5) provides that a bankruptcy petition will be dismissed without a hearing if "the petition is submitted by a debtor who is not an individual and is not represented by an attorney who is a member of the bar of the District Court." Following dismissal, Eastern Savings Bank ("ESB"), the foreclosing entity, learning of the "filing" of the case sought revision

of the Order, because the Debtor's defective petition was filed on May 15, 2012, presumably at a time before the foreclosure sale had taken place, although the court records do not disclose anything other than the fact that the petition was docketed on May 16, 2012, at 12:58:21 as well as the receipt of the filing fee that was docketed on that same day at 14:05:25.  A timely appeal was filed from the revised order on May 31, 2012, followed by the instant Mtion.

  The filing of the appeal ousted this court from jurisdiction over "those aspects of the case involved in the appeal."  *Fobian v. Storage Technology Corp*. 164 F.3d  887, 890 (CA4 1999), *citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  Nothing about the motion can be said to fit within the exception to the rule for matters in aid of the appeal. Thus, this court is without power to grant the relief sought by the Debtor.

  Had Debtor responded to the Motion to Revise the Order, the outcome of the dispute would have been the same.  The stay of 11 U.S.C. § 362(a) would have been annulled, because of the Debtor's long history of delay and hindrance of ESB's efforts to exercise its right due to the failure of the Debtor to make any payments under the loan.  Four petitions have been filed on the eve of scheduled foreclosures by ESB .  Case No. 07-18769 was dismissed by consent on April 21, 2008, on the motion of the United States Trustee.  Case No. 08-19491 was dismissed on November 20, 2008, on the Debtor's motion following the entry of an Order Modifying the Stay of 11 U.S.C. § 362(a) and establishing an equitable servitude.  Case No. 10-37533 was dismissed on June 2, 2011, on Debtor's motion following the entry of an Order Terminating the Automatic Stay.  The dismissal followed a foreclosure sale where the purchaser was said to be Alvin Anthony Phillip, who is described to be a 25% shareholder of the tenant in the subject premises, BDG Associates of Md., Inc.  The close relationship of these two entities is shown by the fact that Alton A. Gayle signed both petitions as president of both, and the two filed a Motion for Joint Administration of the cases.  ESB urges that the foreclosure purchase by Mr. Phillip only served to keep the Debtor in the subject property for an extended time without any payment.  This free tenancy continued as ESB sought to have the sale ratified in the normal course and thereafter when it sought to serve Mr. Phillip to have the sale nullified, because he failed to settle on the purchase.  In the Memorandum of Decision accompanying the Order Dismissing the Case, the court noted:

Debtor cannot undo Eastern Savings Bank's foreclosure. While Debtor can seek relief in state court, its options are limited. *See, In re Denny*, 242 B.R. 593 (BC Md. 1999); *In re De Souza*, 135 B.R. 793 (BC Md. 1991). Additionally, Eastern Savings Bank is protected by Fed. Rule of Bankruptcy Proc. 9011(c), as any attorney filing another petition on behalf of Debtor would be subject to the sanctions therein. For an attorney to escape sanctions for a fourth filing on behalf of this Debtor, there would have to be a massive change in circumstances, and that does not appear likely in the circumstances.

The Motion for Leave to Appeal is denied in all respects. An appropriate order will be entered.

cc:
Francis Koh, Esq., 4936 Fairmont Avenue, Suite 200, Bethesda, MD 20814
Robert H. Rosenbaum, Esq., 6801 Kenilworth Avenue, Suite 400, Riverdale, MD 20737
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**